William Lyman, J.
Defendants have interposed a demurrer to each and every count of the two indictments charging them respectively, under indictment number 1070/1963, with advocacy of criminal anarchy, attempted riot, and violation of section 1897 *590 of the Penal Law (3 counts) in the five counts thereof, and, under indictment number 1098/1963, with the crime of conspiracy as a misdemeanor in violation of section 580 of the Penal Law. The demurrers are disallowed as to all of the counts of the said indictments except as to count two of indictment numbered 1070/1963. This count charges an attempt to commit the crime of riot in violation of section 2090 of the Penal Law, in that said defendants, being more than three in number and acting in concert with each other, did between the 13th day of July, 1963 and the 14th day of July, 1963 unlawfully arm themselves with loaded firearms and divers other dangerous and deadly weapons, and having then and there assembled, unlawfully and wrongfully did then and there threaten and attempt to commit a disturbance of the public peace and to do an unlawful act by use of force and violence, accompanied with the power of immediate execution of such threat and attempt. This count is not one for an attempt to commit a crime as defined by section 2 of the Penal Law. The Legislature made the attempt to commit a disturbance of the public peace the completed substantive crime of riot. So long as the statute defines this crime as consisting in the attempt, the crime is committed if the attempt is made, regardless of whether it is successful or not (People v. Jelke, 1 N Y 2d 321, 330). Since there is no substantive crime of attempted riot, the demurrers are allowed as to this count with a direction to resubmit to another Grand Jury. The other counts of both indictments allege acts constituting the crimes charged and enable defendants to prepare their defense thereto.